PEOPLE *v.* WYCOFF.

1. BURGLARY—CHARACTER OF PREMISES—SHOP—FACTORY—WORK-
   SHOP.
       A manufactory which the witnesses speak of as a "shop" may
       be alleged to be a shop in an information under section 11547,
       3 Comp. Laws, defining burglary of any office, shop, etc., ir-
       respective of whether it is technically a shop or a factory, and
       it is not error to instruct the jury that that question is of no
       interest to them.

2. SAME—EVIDENCE—ADMISSIBILITY—CORRECTIVE RULING.
       Error of the court in refusing to permit a witness to state that
       when he took the property he had no intention to deprive the
       owner of it is immaterial where he immediately reversed the
       ruling, allowed the answer, and followed it with an instruc-
       tion correctly stating the intent essential to the crime.

3. CRIMINAL LAW—PRINCIPALS AND ACCESSORIES—ABOLITION OF
   DISTINCTION.
       Section 11930, 3 Comp. Laws, abrogated the distinctions be-
       tween principals and accessories, and between principals in
       the first and second degrees, and he who aids and abets is now
       a principal and punishable as such.

Error to Calhoun; North, J.   Submitted November 15,
1907.   (Docket No. 172.)   Decided December 10, 1907.

Burton Wycoff was convicted of burglary and sen-
tenced to imprisonment for not less than 7½ nor more
than 15 years in the State prison at Jackson.   Affirmed.

*E. J. Dennison,* for appellant.

*Louis E. Stewart,* Prosecuting Attorney, for the
people.

Defendant was convicted of the crime of burglary from
the shop of the Lambert Food & Machine Company, a

corporation, in the city of Marshall. The evidence on the part of the people was that one Quinn, a machinist in the employ of that company, and defendant, met at the time fixed in the information in a saloon in the night-time and agreed to go to the shop of the company, break into it, and get some tools; that they both went to the shop; that Quinn reached in through a broken pane of glass, unfastened the window, raised it, went in through it, and got a lot of tools called taps and drills while the defendant waited on the outside; that the two went together into the city, there separated; Quinn took the tools to the second-hand store of one Parker, sold them, joined defendant in the saloon, and there the two spent the money for liquor; that on the following day defendant went to a hardware store and sold some taps and drills which he secured from Parker on an order purporting to have been signed by Quinn, but which defendant in fact forged. Quinn had stolen tools before from his employer and sold or pawned them to Parker.

GRANT, J. (*after stating the facts*). 1. The court instructed the jury that the building where the burglary was committed was a shop, within the meaning of the statute, which reads:

"Every person who shall break and enter, in the night-time, any office, shop, * * * or factory, * * * with intent to commit * * * larceny, shall be punished," etc. 3 Comp. Laws, § 11547.

The instruction was clearly correct. The witnesses spoke of it as "the shop." It was a shop within "the common and approved usage of the language" (1 Comp. Laws, § 50), and the court very properly told the jury that whether it was technically a shop, or technically a factory, was of no interest to them.

2. Error is alleged upon the ruling of the court in refusing to permit Quinn to answer this question: "I suppose when you took these taps and drills from the shop you intended to return them?" We can hardly understand why counsel should make this point, for the record

shows that immediately thereafter the court reversed the ruling and permitted the witness to testify that he had no intention to deprive the company of the property and that he so told defendant. The court followed this by correctly instructing the jury on the question of the intent essential to prove the crime.

3. Defendant was present aiding and abetting the crime, and was therefore an accomplice. He was, under the statute of this State (3 Comp. Laws, § 11930), a principal. The statute has abrogated all distinctions between principals and accessories, and between principals in the first and second degrees. He who aids and abets is now a principal.

We find no error in the charge of the court.

The conviction is affirmed.

McALVAY, C. J., and CARPENTER, BLAIR, and MOORE, JJ., concurred.