PEOPLE *v.* HOLDICH.

ROBBERY—ASSAULT WITH INTENT TO ROB—PRINCIPALS—CODEFEND-
ANTS—EVIDENCE—SUFFICIENCY.

> In a prosecution for assault with intent to rob, being
> armed with a dangerous weapon, metallic knuckles, evi-
> dence *held*, sufficient to support the charge and sustain a
> finding that defendant and another were acting con-
> jointly, armed with a dangerous weapon, having a common
> purpose and intent, an assault with intent to rob, and that
> both were principals, offending in equal degree under 3
> Comp. Laws 1915, § 15757.

Error to recorder's court of Detroit; Heston (Wil-
liam M.), J.    Submitted June 14, 1923.    (Docket
No. 109.)    Decided July 19, 1923.

Theodore Holdich was convicted of an assault with
intent to rob, and sentenced to imprisonment for not
less than 7½ nor more than 15 years in the State
prison at Marquette.    Affirmed.

*Sol. Blumrosen,* for appellant.

*Andrew B. Dougherty,* Attorney General, *Paul W.
Voorhies,* Prosecuting Attorney, and *Harry S. Schein-
man,* Assistant Prosecuting Attorney, for the people.

CLARK, J.    Defendant Holdich and one Jackson,
alias Podosock, were informed against for assault
with intent to rob, being armed with a dangerous
weapon—metallic knuckles.    3 Comp. Laws 1915, §§
15207, 15228.    They were tried jointly, convicted and
sentenced.    Holdich brings error and presents a
single question, that the court erred in not directing

a verdict in his favor as requested, on the ground that the evidence raised no issue of fact for the jury.

One Knezh, soon after leaving a soft drink parlor in Detroit, was accosted on the street by defendants about 9.30 in, the evening of October 30, 1921.   Jackson was not an officer.   He wore a badge on which were stamped the words "Private Detective."   Knezh testified:

"After leaving the store, I was accosted by the two boys.  The tall defendant, Mr. Jackson, walked in front of me and stopped me, and he says: 'I am an officer; I want you to come along with me,' and he showed me the badge which he had underneath the left lapel of his overcoat.   It was a little round badge, but it didn't resemble a real officer's badge; at the time he showed it to me I thought it was an officer's badge. After showing the badge to. me, he says: 'I want you to come along with me,' and then he tried to feel my pockets.   He said: 'Gentleman, I'm an officer.   What have you got in your pockets?   I want you to come along with me.'   He tried to feel in my pockets.   I raised my eyes and I saw the knockers and rings, and I jumped from his hand.   The other defendant, Theodore Holdich, never touched me.   After defendant Jackson told me he was an officer, I didn't have any conversation with him but was quiet.   I was scared and started to holler and jump after I saw the badge.   After defendant Jackson showed me the badge, I ran away.   I saw those knockers and rings on his right hand the same time that I saw the badge. The defendant didn't try to hold me, but he was feeling in my pockets.   He showed me the badge with his left hand, but was putting his hand in my vest pocket.   I raised my eyes and saw those knockers, and. I hollered and ran back to the joint.   There were ten to fifteen people back there on the street.   Those two defendants cut across the street.   When he was displaying the badge with the right hand, he was searching my pocket with the left hand; at that time I was jumping and ran away, also hollering.  *   *   *

"That big fellow and that little fellow—they stop me over there and they show me their badge.

"*Q.* Which one showed you the badge?

"*A.* The tall fellow—the big fellow.

"*Q.* This fellow?

"*A.* Yes; showed me the badge—he says he's an officer. He was feeling in my pockets. He had in his right hand, I don't know what you call that—rings, or knockers—something he had in his hand. I was scared and I jump and tried to holler. The little fellow never touched me. He was behind my back. He never said a word or took hold of me at all—the little fellow. Then there was lots of guys run out there—I found there was fifteen men—these two guys go—walk fast across the street, fast—the little fellow he is quicker than the big guy. And there was a guy worked in a butcher shop he ran after, and so they had half a dozen, and the officer he ran before and I followed the officer, and he ran too; and the officer was there, too, and another guy was there, he run and catch both guys and fetched them in and ask me if they were the two guys. I said, 'Yes.' * * * The two defendants ran away together."

An officer testified that just before being taken into custody Jackson dropped the metallic knuckles to the street. Jackson's explanation of his conduct toward Knezh was that he accosted him without intent to rob but supposing, mistakenly, that Knezh was one who had agreed to supply whisky. He denied stating that he was an officer and denied that he had had metallic knuckles. Holdich's explanation of his part in the matter was that he believed himself under arrest by Jackson, an officer, and accompanied him for that reason.

Clearly, the evidence supported the charge and made the question of defendant's guilt one of fact for the jury. Though defendant Holdich did not personally assault Knezh, the evidence will sustain a finding that defendants were acting conjointly, armed with a dangerous weapon, having a common purpose and intent—an assault with intent to rob—and that

both were principals, offending in equal degree. 3 Comp. Laws 1915, § 15757; *People* v. *Collins*, 216 Mich. 541; *People* v. *Wycoff*, 150 Mich. 449.

Judgment affirmed.

WIEST, C. J., and FELLOWS, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.