## PEOPLE *v.* OCKASKI.

1. LARCENY—GREAT WEIGHT OF EVIDENCE.

    In a prosecution for larceny from a store in the daytime, verdict of guilty, *held*, not against the great weight of the evidence.[1]

2. CRIMINAL LAW — FELONY — ONE WHO AIDS AND ABETS IS A PRINCIPAL.

    Under 3 Comp. Laws 1915, § 15757, one who aids and abets in the commission of a felony, though not present, may be complained against as a principal.[2]

3. SAME—WITNESSES—ACCOMPLICE IS COMPETENT WITNESS.

    An accomplice is a competent witness on behalf of the prosecution, and conviction may be had on his testimony, even though uncorroborated.[3]

4. SAME—EVIDENCE—ADMISSIONS—SWORN CONFESSION OF ACCOMPLICE WHICH DEFENDANT ADMITTED TO BE TRUE ADMISSIBLE FOR PURPOSE OF SHOWING CHARACTER OF ADMISSIONS.

    In a prosecution for larceny, the sworn confession of two accomplices, which a witness for the prosecution testified he showed to defendant, who said that the statements therein contained were true, was admissible in evidence for the purpose of showing the character of the admissions made to said witness by defendant.[4]

5. SAME — LARCENY — CROSS-EXAMINATION — INCRIMINATING EVIDENCE.

    Cross-examination of one charged with larceny, who had kept watch while his accomplices stole the goods, as to where he obtained a certain suit of clothes which he admitted he had not purchased, was proper to show that he found it where his accomplices testified they, under agreement with him, had left it, and was not open to the objection that he was thus compelled to incriminate himself of another charge—that of receiving stolen property.[5]

---

[1]Larceny, 36 C. J. §§ 483, 510; [2]Criminal Law, 16 C. J. § 103; Indictments and Informations, 31 C. J. § 290; [3]Criminal Law, 16 C. J. §§ 1410, 1423; [4]Id., 16 C. J. § 1314; [5]Witnesses, 40 Cyc. p. 2553.

6. SAME—SUFFICIENCY OF POLICE JUDGE'S RETURN—SAVING QUES-
TION FOR REVIEW.

> The sufficiency of the return of the police judge, assailed
> in defendant's brief, will not be considered on error, where
> the question was not raised by motion or on the trial,
> and there is no assignment of error relating to it.[6]

Error to superior court of Grand Rapids; Verdier
(Leonard D.), J.     Submitted January 14, 1926.
(Docket No. 151.)     Decided March 20, 1926.

B. W. Ockaski was convicted of larceny from a store,
and sentenced to imprisonment for not less than one
nor more than five years in the State reformatory at
Ionia.     Affirmed.

*Michael Garvey,* for appellant.

*Andrew B. Dougherty,* Attorney General, *Earl W.
Munshaw,* Prosecuting Attorney, and *Peter A. Hartes-
veldt,* Assistant Prosecuting Attorney, for the people.

SHARPE, J.     Defendant reviews his conviction on a
charge of larceny from a store in the daytime by writ
of error.     The information also contained a count
charging larceny of property of the value of more than
$25.     As this count was withdrawn from the con-
sideration of the jury, the errors assigned which relate
to it need not be considered.

1. It is urged that the verdict is against the great
weight of the evidence, and that defendant's motion
for a new trial should have been granted.     The owner
of the store testified that clothing of the value of more
than $100 was stolen from it on the day in question.
Two young boys, Leo Morrison and Vance Rittenhouse
testified, when examined as witnesses, that the goods
were stolen by them.     The defendant had a paint shop
near by.     Both boys testified that the defendant, on
being informed of their purpose, at first said he would

---

[6]Criminal Law, 17 C. J. §§ 3353 (Anno), 3472.

have nothing to do with it, but finally agreed that he would keep watch for them and "if any cops came would call us back." Rittenhouse testified that it was agreed that defendant should have one of the stolen suits, and that defendant "wrote on a piece of paper the size he wanted," and that the goods, after they were taken, were placed in the cellar of defendant's place of business and one of the suits left there for him. There was also proof of an admission made by the defendant to one of the officers of his complicity in the affair. While defendant denied that he had anything to do with it, he admitted that he got the suit left in his basement. We cannot say that the verdict was against the great weight of the evidence.

2. Defendant's counsel objected to the testimony of the two boys as to the arrangements made with him concerning the larceny. Under our statute (3 Comp. Laws 1915, § 15757), any person who aids and abets in the commission of a felony, though not present, may be complained against as a principal. *People* v. *Holdich,* 224 Mich. 72; *People* v. *Wycoff,* 150 Mich. 449. An accomplice is a competent witness on behalf of the prosecution. *People* v. *Wright,* 38 Mich. 744 (31 Am. Rep. 331). Conviction may be had on his testimony, even though uncorroborated. *People* v. *O'Brien,* 60 Mich. 8; Tiffany's Criminal Law (4th Ed.), 587. The boys had made sworn confessions which implicated defendant. A witness for the prosecution testified that he showed these confessions to the defendant, and that he said the statements contained in them were true. They were clearly admissible for the purpose of showing the character of the admissions made to the witness by the defendant.

3. The defendant was cross-examined as to where he obtained the suit which he admitted to the officer he had not purchased. Counsel insist that he was thus compelled to incriminate himself of another

234—Mich.—7.

charge—that of receiving stolen property. The boys testified that under the arrangement he was to receive a suit of clothes, and we think it was proper cross-examination to show that he found it in the basement of his place of business, where they testified they had left it.

4. Error is assigned on the charge as given and the refusal to give some of defendant's requests. We have read it with care, and are satisfied that the rights of the defendant were fully protected therein.

The sufficiency of the return of the police judge is assailed in defendant's brief. This question was not raised by motion or on the trial. Neither is there any assignment of error relating to it.

We are impressed that the defendant had a fair and impartial trial, and that the verdict of the jury was fully justified by the proof.

The judgment is affirmed.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.