## PEOPLE v. HALE.

1. CRIMINAL LAW—CONVICTION—DEFECT IN INFORMATION—MIS-
SPELLED NAME.

> Conviction of defendant upon his plea of guilty to assault with
> intent to rob and steal while armed with a dangerous weapon
> *held,* proper even though the complainant's name was misspelled
> in the information; in order to quash or set aside an indict-
> ment the defendant must object to defects in form or sub-
> stance of the indictment before commencement of trial or at
> a later time as a court in its discretion permits (CL 1948,
> §§ 750.89, 767.76).

2. SAME—MISSPELLED NAME—MISCARRIAGE OF JUSTICE.

> Inaccurate spelling of complainant's name in complaint and in-
> formation *held,* not to result in a miscarriage of justice which
> requires court to void defendant's plea of guilty (CL 1948,
> § 769.26).

3. SAME—PLEA OF GUILTY—RETURN—CHARGE.

> Acceptance of plea of guilty to assault with intent to rob and
> steal while armed with a dangerous weapon *held,* proper where
> the offense was an included offense of the charge in the com-
> plaint and warrant although the examining magistrate's re-
> turn to circuit court did not properly state it as an included
> offense but specifically referred to the complaint and warrant
> (CL 1948, § 750.89).

4. SAME—PLEA OF GUILTY—WAIVER OF ERROR.

> Error in magistrate's return to circuit court which improperly
> copied charge as contained in complaint and warrant *held,*
> waived when defendant pleaded guilty.

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 5] 21 Am Jur 2d, Criminal Law § 495.
[2] 21 Am Jur 2d, Criminal Law § 495; 41 Am Jur 2d, Indictments
and Informations § 130.
[3] 21 Am Jur 2d, Criminal Law § 492.

5. Same—Plea of Guilty—Waiver of Defects in Complaint and Warrant.

   A defendant who pleads guilty with benefit of counsel to the charge against him without objection to defects waives any defects in the prior proceedings.

Appeal from Wayne, Wise (John M.), J. Submitted Division 1, February 9, 1968, at Detroit. (Docket No. 3,912.) Decided August 26, 1968.

Ulysses Dale Hale, Jr., was convicted on a plea of guilty of assault with intent to rob and steal while armed with a dangerous weapon. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Max E. Klayman,* for defendant.

Burns, P. J. Defendant appeals from his conviction on a plea of guilty to the crime of assault with intent to rob and steal while armed with a dangerous weapon. CL 1948, § 750.89 (Stat Ann 1962 Rev § 28.284).

Defendant's first claim on appeal is that his plea of guilty should be vitiated because the victim's name was inconsistently composed on various documents. The body of the complaint alleged that defendant, while armed with a dangerous weapon, robbed one "Marilyn S. Heindein" contrary to CLS 1961, § 750.-529 (Stat Ann 1968 Cum Supp § 28.797). However, complainant's signature on the complaint read " Marilyn S. Heinlein." Other similar discrepancies in the usage of complainant's name appear on the

record. For example, "Marilyn S. Heindein" had been typed on the information, but the "d" was changed by pen to "l". This correction was apparently made prior to the arraignment because the certified transcript of that proceeding shows that "Marilyn S. Heinlein" was the person described as the victim by the court.

Defendant failed to object to the alleged error as required in CL 1948, § 767.76 (Stat Ann 1954 Rev § 28.1016). There was no miscarriage of justice by reason of the inaccurate spelling of complainant's name in the information which would require us to void defendant's plea of guilty. CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096).

Defendant's second assignment of error is that the circuit court had no power to accept the plea on which he was sentenced because the crime was not an included offense of the charge as stated in the magistrate's return of examination which was drafted in part as follows:

"I, the said municipal judge, issued the warrant (which is hereto annexed) for the arrest of Ulysses Dale Hale, Jr. being the accused person named in said complaint, in which said complaint and warrant the said accused person was charged with having committed the following offense, to-wit; that heretofore, to-wit; on the 21st day of January A.D. 1967 at [sic] while armed with a dangerous weapon, to-wit, an automatic pistol, did assault one Marilyn Heinlein, *certain property which was the subject of larceny, to-wit; one purse containing sundries;*

"Sec. 750.529, Act 71, PA 1959." (Emphasis supplied.)

The offense described in the return is completely meaningless when considered in conjunction with the statutory reference to armed robbery unless the italicized portion of the return is preceded by the clause

which was included in the complaint and warrant, *i.e.,* "did feloniously rob, steal, and take from the person of the said Marilyn Heindein." The charge properly stated in the complaint and warrant became a part of the return by specific reference. The clerical error committed in the return by improperly copying the charge as contained in the complaint and warrant was waived when defendant pleaded guilty. *People* v. *Ockaski* (1926), 234 Mich 95.

Defendant pleaded guilty with the benefit of counsel, and no objections were asserted at the arraignment to either of the points raised on this appeal. Where a defendant enters a plea of guilty to a charge against him, he waives any defects in the prior proceedings. See *In re Reno* (1948), 321 Mich 497, and cases cited therein.

Affirmed.

HOLBROOK and PETERSON, JJ., concurred.