## PEOPLE *v.* WARNER

1. CRIMINAL LAW—ARRAIGNMENT—PLEA OF GUILTY—WAIVER.
   A defendant's plea of guilty at his arraignment waives any prior defects in the proceedings against him.

2. CRIMINAL LAW—ARRAIGNMENT—PLEA OF GUILTY—EXAMINATION OF DEFENDANT—COURT RULES.
   The trial court when accepting a plea of guilty must examine the defendant to determine whether the plea was freely, understandingly and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency; this duty is not met by determining that the defendant agrees that it is expedient to plead guilty (GCR 1963, 785.3[2]).

Appeal from St. Clair, Halford I. Streeter, J. Submitted Division 1 February 6, 1969, at Detroit. (Docket No. 5,574.) Decided April 21, 1969.

Richard Eugene Warner was convicted, on his plea of guilty, of breaking and entering. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James T. Corden,* Prosecuting Attorney, and *Ronald J. Flanigan,* Assistant Prosecuting Attorney, for the people.

*Richard Eugene Warner, in propria persona.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 495.
[2] 21 Am Jur 2d, Criminal Law § 486 *et seq.*

BEFORE: Lesinski, C. J., and T. M. Burns and J. J. Kelley,* JJ.

Per Curiam. The defendant was charged on an information with breaking and entering in the nighttime with intent to commit a felony, larceny.[1] He was arraigned and stood mute as his appointed counsel waived a reading of the information. Subsequently, he came before the court again at which time his counsel notified the court that he wished to change his plea to guilty.

Although defendant asserts that there were sundry defects in his arraignment, his plea of guilty if properly accepted would waive any prior defects. *People v. Hale* (1969), 12 Mich App 657. The only question before this Court then is whether the trial court fulfilled its obligation under GCR 1963, 785.3(2) to determine whether the plea of guilty was "freely, understandingly and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency" before it accepted the defendant's plea, as it is bound to do by the rule. The duty of inquiry imposed upon the trial court by the rule is not met by determining that the defendant agrees that it is expedient to plead guilty (see *People v. Barrows* [1959], 358 Mich 267, 272) nor is it any less important when the defendant is represented by counsel, as here. The defendant asserts that he understood from his consultations with his attorney that he was pleading guilty to a crime with a maximum penalty of four years rather than to the crime for which he was sentenced, which has a maximum of 10 years. See CL 1948, § 750.360 (Stat Ann § 28.592); CL 1948, § 750.503 (Stat Ann

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

[1] CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305), has a maximum penalty of 10 years.

§ 28.771). From the record on appeal, we find no indication of an inquiry under the rule, and, therefore, we find the plea unacceptable. We remand to the trial court for an evidentiary hearing on the plea, in accordance with GCR 1963, 785.3(2). See *People* v. *Byrd* (1968), 12 Mich App 186. We direct the trial court's attention to the decision of this Court in *People* v. *Earegood* (1968), 12 Mich App 256, and to the concurring opinion of Judge Levin in *People* v. *Byrd, supra,* at p 194 where the subject of plea bargaining is covered in detail.

The appellee's reliance on the case of *People* v. *Hobdy* (1968), 380 Mich 686; *People* v. *Dunn* (1968), 380 Mich 693; *People* v. *Stearns* (1968), 380 Mich 704; and *People* v. *Winegar* (1968), 380 Mich 719, is misplaced. In each of those cases the trial judge made inquiry into whether the pleas were "freely, understandingly and voluntarily made"; here there was no such inquiry. Therefore, we find that the plea of guilty was not accepted in accordance with GCR 785.3(2) and that we must remand for hearings in conformance with that rule.