# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

AURIEN EMANUAL BROWN,

       Defendant-Appellant.

UNPUBLISHED
March 22, 2018

No. 334779
Genesee Circuit Court
LC No. 16-039249-FC

Before: K. F. KELLY, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of armed robbery, MCL 750.529, and first-degree home invasion, MCL 750.110a(2). Defendant was acquitted of first-degree felony murder, MCL 750.316(1)(b), felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant, as a third-habitual offender, MCL 769.11, to consecutive terms of 40 to 60 years' imprisonment for armed robbery and 20 to 40 years' imprisonment for first-degree home invasion. We affirm defendant's convictions but vacate his sentences and remand for resentencing.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

The victim, an elderly man, was shot and killed during the course of a home invasion and robbery at his Flint home. Defendant and three other codefendants, including defendant's brother Takais Brown, were charged in the crime. The defendants were tried jointly but with four separate juries. Over the course of 14 days of trial, the prosecution produced evidence that defendant's DNA, fingerprint, and shoeprint were found at the scene of the crime. The gun used in the commission of the crime was found in an apartment defendant shared with the other codefendants, and there was testimony that defendant had tried to hide the gun at a friend's house.

On the eleventh day of trial, after the close of the prosecution's case-in-chief, Takais informed the trial court that he wished to testify. Defendant objected to his jury hearing Takais's testimony, but the trial court overruled that objection. Takais's testimony inculpated defendant and suggested that the other codefendants were not involved. After Takais's testimony, all of the parties rested. The prosecution and defendants gave closing arguments to their respective juries only, the juries were instructed separately, and then sent to deliberate. Takais's jury was the first

-1-

to hear closing arguments and jury instructions. Later that same day, which was several days before defendant's jury heard closing arguments or jury instructions, Takais's jury acquitted him of all counts in open court. The other two codefendants were also acquitted of all charges. As noted, defendant was convicted of armed robbery and first-degree home invasion, but acquitted of all other charges. Defendant was then sentenced accordingly. This appeal followed.

## II. TESTIMONY OF A CODEFENDANT

Defendant argues that the trial court abused its discretion by allowing his jury to hear his codefendant Takais's testimony. We disagree.

## A. STANDARD OF REVIEW AND APPLICABLE LAW

"[W]e review a trial court's decision to admit evidence for an abuse of discretion, but review de novo preliminary questions of law, such as whether a rule of evidence precludes admissibility." *People v Chelmicki*, 305 Mich App 58, 62; 850 NW2d 612 (2014). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Waterstone*, 296 Mich App 121, 131-132; 818 NW2d 432 (2012).[1]

The Michigan Supreme Court, in *People v Hana*, 447 Mich 325, 361; 524 NW2d 682 (1994), amended 447 Mich 1203 (1994), held that when a codefendant decides to testify at trial, "he thereby waive[s] his Fifth Amendment rights regarding the events in question." Given that the codefendant has waived those rights, "it became permissible for the prosecution to call that [co]defendant as a witness in the trial of the []defendant." *Id*. Thus, the Court held that "[a] defendant normally would not be entitled to exclude the testimony of a former codefendant if [they had separate] trials, and we see no reason why relevant and competent testimony would be prejudicial merely because the witness is also a codefendant." *Id*. at 361, quoting *Zafiro v United States*, 506 US 534, 540; 113 S Ct 933; 122 L Ed 2d 317 (1993). After all, "a fair trial does not include the right to exclude relevant and competent evidence." *Hana*, 447 Mich App at 350, quoting *Zafiro*, 506 US at 540. The reasoning in *Hana* regarding testimony of codefendants comports with long-standing Michigan case law. See, e.g., *People v MacCullough*, 281 Mich 15, 28; 274 NW 693 (1937) (holding that if the prosecution had offered the testimony of an accused coconspirator "his testimony would have been admissible[.]").; *People v Mol*, 137 Mich 692, 693; 100 NW 913 (1904) (holding that testimony from an accomplice regarding the details of the crime was admissible); *People v Maybee*, 44 Mich App 268, 275; 205 NW2d 244 (1973), quoting *People v Ockaski*, 234 Mich 95, 97; 207 NW 867 (1926) (holding that "an accomplice

---

[1] The prosecution contends that defendant either waived this issue or rendered it unpreserved when he failed to object immediately preceding codefendant Takais's testimony after having his previous objection overruled. However, the Michigan Rules of Evidence provide that "[o]nce the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." MRE 103(a)(2). Thus, defendant was not required to repeatedly make the same objection after the trial court made "a definitive ruling on the record," and this issue is preserved for review. MRE 103(a)(2)

may testify in the trial of a codefendant," because " '[a]n accomplice is a competent witness on behalf of the prosecution.' ").

## B. ANALYSIS

The record is undisputed that Takais decided to testify in his own defense. In doing so, he waived his Fifth Amendment rights regarding his involvement in the crime. *Hana*, 447 Mich at 361. As a codefendant, Takais's testimony was relevant and admissible against defendant. See *id*. The fact that Takais was a codefendant at the time of his testimony does not change the admissibility of his testimony for defendant's jury to consider. *Id*. Thus, the prosecution was permitted to call Takais as a witness against defendant, or, as occurred in this case, defendant's jury was permitted to hear the testimony elicited from Takais on direct examination, and also during cross-examination by both the prosecution and defendant. *Id*.

Defendant alludes to a potential issue with his and Takais's alleged "antagonistic defenses." That argument, however, relates to a motion to sever cases for trial. See *id*. at 347. Defendant never moved the court to sever the trials, nor has he argued on appeal that the trials should have been severed. Defendant's argument regarding antagonistic defenses, therefore, is not relevant to the issue of admissibility of Takais's testimony. See *id*. Further, the fact that defendant refused to testify after discovering that Takais would testify does not, as defendant suggests, render Takais's testimony inadmissible as to defendant. *Id*. at 361.

The plain holding of *Hana* is that a codefendant can provide competent and admissible testimony against another codefendant. Thus, defendant's argument that the trial court abused its discretion in allowing Takais to testimony before defendant's jury is without merit. *Id*.

## III. JURY VERDICT

Defendant next argues that the trial court's improper method for taking verdicts in joint trials with separate juries, resulted in his jury being improperly influenced by facts not in evidence. We disagree.

## A. STANDARD OF REVIEW AND APPLICABLE LAW

The issue of whether a jury was exposed to and influenced by extrinsic information is constitutional in nature. *People v Budzyn*, 456 Mich 77, 88; 566 NW2d 229 (1997). Typically, "[c]onstitutional questions are reviewed de novo." *People v Shenoskey*, 320 Mich App 80, 82; 903 NW2d 212 (2017). However, defendant did not object to the trial court's proposed procedure for taking jury verdicts, so this issue is unpreserved. *People v Carter*, 462 Mich 206, 214; 612 NW2d 144 (2000). This Court reviews an "unpreserved claim for plain error affecting defendant's substantial rights." *People v Roscoe*, 303 Mich App 633, 648; 846 NW2d 402 (2014). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). In order to show that a defendant's substantial rights were affected, there must be "a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

"A defendant has a right to be tried by a fair and impartial jury." *People v Garay*, 320 Mich App 29, 39; 903 NW2d 883 (2017), citing *Duncan v Louisiana*, 391 US 145, 153; 88 S Ct 1444; 20 L Ed 2d 491 (1968). In order to protect that right, "[d]uring their deliberations, jurors may only consider the evidence that is presented to them in open court." *Budzyn*, 456 Mich at 88. "A jury verdict may be challenged on the basis of juror misconduct only when the verdict is influenced by matters unrelated to the trial proceedings." *People v Fletcher*, 260 Mich App 531, 540-541; 679 NW2d 127 (2004). "Where the jury considers extraneous facts not introduced in evidence, this deprives a defendant of his rights of confrontation, cross-examination, and assistance of counsel embodied in the Sixth Amendment." *Budzyn*, 456 Mich at 88.

"To establish that an extraneous influence was error requiring reversal, a defendant must prove two points: (1) the jury was exposed to an extraneous influence and (2) the extrinsic material created a real and substantial possibility that it could have affected the jury's verdict." *Garay*, 320 Mich App at 40. With regard to the first requirement, jurors are not typically permitted to impeach their verdict "by subsequent affidavits showing misconduct in the jury room." *Budzyn*, 456 Mich at 91. There is an exception, however, providing that a juror's "oral testimony or affidavits may only be received [regarding] extraneous or outside errors, such as undue influence by outside parties." *Id*.

## B. ANALYSIS

It is undisputed that the trial court took the verdict of Takais's jury before defendant's jury heard closing arguments and jury instructions and began deliberations. The trial court, on the record, ordered that the verdict would be sealed until the other juries had reached their decisions. Further, the trial court warned Takais and his jury that they should not discuss the case, considering that the other juries still had to deliberate. The trial court's procedure with respect to the other two codefendants is not part of the record before this Court on appeal.

Ultimately, however, the trial court's process in that regard is not relevant, because defendant failed to present any evidence that the jurors on his jury were aware of the verdicts provided in the other cases. See *Garay*, 320 Mich App at 40. Defendant did not provide an affidavit, statement, or testimony of a single juror in this case. Our Supreme Court was clear in *Budzyn*, 456 Mich App at 88, that when a defendant seeks to assert that a jury verdict was wrongly influenced by extrinsic sources, they must prove that the jury was actually exposed to that extrinsic source. The Court noted that, in order to prove that point, a defendant is permitted to submit affidavits or oral testimony from jurors. See *id*. at 88-89. Considering the burden was on defendant to produce such evidence, his failure to do so is dispositive.

Because defendant did not provide any evidence regarding his allegation that his jurors were improperly influenced by the verdicts for the other codefendants, his claim must fail. *Id*.; *Garay*, 320 Mich App at 39-40; *Fletcher*, 260 Mich App at 540.

## IV. SENTENCING

Defendant argues that the trial court abused its discretion by sentencing him above the minimum guideline range for both convictions and for ordering that the sentences be served consecutively without providing adequate reasons for doing so. We agree.

## A. STANDARD OF REVIEW AND APPLICABLE LAW

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). An abuse of discretion occurs when a trial court violates the principle of proportionality or fails to "provide adequate reasons for the extent of the departure sentence imposed." *Id.* at 476. Similarly, the trial court's decision to impose consecutive sentences is also reviewed for an abuse of discretion. *People v Norfleet*, 317 Mich App 649, 664; 897 NW2d 195 (2016). "An abuse of discretion occurs . . . when the trial court chooses an outcome falling outside th[e] principled range of outcomes." *Id.*, quoting *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

## 1. SENTENCING OUTSIDE GUIDELINES RANGE

As noted, we review this issue for reasonableness. *Lockridge*, 498 Mich at 392. The controlling standard of reasonableness is the principle of proportionality pursuant to *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). See *Steanhouse*, 500 Mich at 471-472. As this Court recently explained in *People v Dixon-Bey*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 331499); slip op at 16:

> "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is an abuse of discretion. [*Steanhouse*, 500 Mich at 471.] In *Steanhouse*, the Michigan Supreme Court clarified that 'the relevant question for appellate courts reviewing a sentence for reasonableness' is 'whether the trial court abused its discretion by violating the principle of proportionality[.]' [*Id.*] The principle of proportionality is one in which
>
>> "a judge helps to fulfill the overall legislative scheme of criminal punishment by taking care to assure that the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come before the court for sentencing. In making this assessment, the judge, of course, must take into account the nature of the offense and the background of the offender." [[*Id.* at 472], quoting *Milbourn*, 435 Mich [at 651].]
>
> Under this principle, " '[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.' " [*Steanhouse*, 500 Mich at 472,] quoting *Milbourn*, 435 Mich at 661.

The sentencing guidelines are an "aid to accomplish the purposes of proportionality . . . ." *Dixon-Bey*, ___ Mich App at ___; slip op at 18. The sentencing guidelines " 'provide objective

factual guideposts that can assist sentencing courts in ensuring that the offenders with similar offense and offender characteristics receive substantially similar sentences.' " *Id.*, quoting *People v Smith*, 482 Mich 292, 309; 754 NW2d 284 (2008) (brackets omitted). The Michigan Supreme Court has been clear that while the sentencing guidelines are now only advisory, they "remain a highly relevant consideration in a trial court's exercise of sentencing discretion . . . ." *Lockridge*, 498 Mich at 391. See also *Steanhouse*, 500 Mich at 474-475. As this Court recently explained:

> Because the guidelines embody the principle of proportionality and trial courts must consult them when sentencing, it follows that they continue to serve as a 'useful tool' or 'guideposts' for effectively combating disparity in sentencing. Therefore, relevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime, *People v Houston*, 448 Mich 312, 321-322; 532 NW2d 508 (1995), see also *Milbourn*, 435 Mich at 657, (2) factors not considered by the guidelines, *Houston*, 448 Mich at 322-324, see also *Milbourn*, 435 Mich at 660, and (3) factors considered by the guidelines but given inadequate weight, *Houston*, 448 Mich at 324-325, see also *Milbourn*, 435 Mich at 660 n 27. [*Dixon-Bey*, ___ Mich App at ___; slip op at 18-19.]

Other factors to consider "include the defendant's misconduct while in custody, *Houston*, 448 Mich at 323, the defendant's expressions of remorse, *id.*, and the defendant's potential for rehabilitation, *id.*" *Dixon-Bey*, ___ Mich App at ___; slip op at 19 n 9 (internal quotation marks omitted). The "key test" applicable to sentencing is "whether the sentence is proportionate *to the seriousness of the matter . . . .*" *Milbourn*, 435 Mich at 661 (emphasis added).

## 2. CONSECUTIVE SENTENCES

"In Michigan, concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *People v DeLeon*, 317 Mich App 714, 721; 895 NW2d 577 (2016) (internal quotation marks omitted). Such a statute exists for first-degree home invasion convictions: "The court may order a term of imprisonment imposed for home invasion in the first degree to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." MCL 750.110a(8). That statute's "use of the word 'may' makes clear that the decision is . . . discretionary[.]" *People v Buie*, 491 Mich 294, 319-320; 817 NW2d 33 (2012). "Although consecutive sentencing lengthens the total period of imprisonment, it does not increase the penalty for any specific offense." *DeLeon*, 317 Mich App at 726. Consequently, "where a defendant receives consecutive sentences and neither sentence exceeds the maximum punishment allowed, the aggregate of the sentences will not be disproportionate under . . . *Milbourn*, 435 Mich 630[.]" *People v Miles*, 454 Mich 90, 95; 559 NW2d 299 (1997). See also *People v Ryan*, 295 Mich App 388, 401 n 8; 819 NW2d 55 (2012). However, "although the combined term is not itself subject to a proportionality review, the decision to impose a consecutive sentence when not mandated by statute is reviewable for an abuse of discretion." *Norfleet*, 317 Mich App at 664. Consequently, "trial courts imposing one or more discretionary consecutive sentences are required to articulate on the record the reasons for each consecutive sentence imposed." *Id.* at 654. "While imposition of more than one

consecutive sentence may be justified in an extraordinary case, trial courts must nevertheless articulate their rationale for the imposition of each consecutive sentence so as to allow appellate review." *Id*. at 665.

## B. ANALYSIS

Defendant does not challenge the scoring of any offense variables (OVs) or prior record variables (PRVs), or his status as a third-habitual offender, on appeal. Thus, the minimum guideline range for his first-degree home invasion conviction was for 84 to 210 months' imprisonment. MCL 777.63. For that conviction Aurien was sentenced to 20 to 40 years', or 240 to 480 months', imprisonment. That sentence was therefore above the guideline range. MCL 777.63. The minimum guideline range for his armed robbery conviction was for 171 to 427 months' imprisonment. MCL 777.62. Defendant was sentenced above the guideline range to 40 to 60 years', or 480 to 720 months', imprisonment. *Id*. The trial court also ordered that those sentences be served consecutively.

As discussed, defendant's individual sentences are reviewed for proportionality, with the "key test" being "whether the sentence is proportionate *to the seriousness of the matter . . . .*" *Milbourn*, 435 Mich at 661 (emphasis added). Although the trial court's decision to sentence defendant consecutively cannot be reviewed for proportionality based upon the combined length of the sentences, it is reviewable for an abuse of discretion because the statute allowing for consecutive sentencing, MCL 750.110a(8), is discretionary. *Norfleet*, 317 Mich App at 664. In either case, to allow for appellate review, the trial court was required to articulate, on the record, the reasons for its sentencing decisions. *Steanhouse*, 500 Mich at 476; *Norfleet*, 317 Mich App at 664-665.

The record plainly establishes that the trial court did not consider any factors discussed in *Dixon-Bey*, ___ Mich App at ___; slip op at 18-19 and n 9, and *Norfleet*, 317 Mich App at 666, when sentencing defendant. Other than restating the facts of the case, all of which already were considered in defendant's OV and PRV scores, the trial court failed to articulate any reason why it sentenced defendant above the guideline range for both of his convictions or why it ordered those sentences to be served consecutively. The trial court's failure to do so requires us to vacate defendant's sentences and remand for resentencing. *Steanhouse*, 500 Mich at 476; *Norfleet*, 317 Mich App at 664-665. On remand, the trial court should consider the relevant factors discussed in this opinion and then articulate the reasons for its sentencing decisions on the record.

We affirm defendant's convictions, but vacate his sentences and remand for resentencing. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ William B. Murphy
/s/ Michael J. Riordan