219. So.2d 910

**Lillian Allen WARE**

v.

**STATE.**

**4 Div. 676.**

Court of Appeals of Alabama.

March 4, 1969.

---

James Harry Allen, pro se.

MacDonald Gallion, Atty. Gen., for the State.

L. A. Farmer, Jr., Dothan, for appellant.

MacDonald Gallion, Atty. Gen., for the State.

CATES, Judge.

Ware appeals from the denial of coram nobis.

In 1965 Ware plead guilty in open court, attended by counsel, to indictments for two separate burglaries.

The following shows the care with which the trial judge made sure that Ware knew what he was doing:

"Plea of guilty before Hon. Keener Baxley, as Judge of said Court, at Dothan, Alabama, May 13, 1965.

"APPEARANCES: Hon. Forrest L. Adams, District Attorney, For Plaintiff.

Hon. W. G. Hardwick, Attorney for defendant.

"TESTIMONY AND
PROCEEDINGS

"THE COURT: Lillian Allen Ware, you were before the Court here on May 7, 1965, on two indictments, and you had your employed attorney, Mr. Hardwick, with you, and on arraignment to the offense of burglary in the second degree and grand larceny, you were charged in that indictment in Case No. 8734, returned by the grand jury at the April term 1965, Houston County, Alabama, you were charged in Count One with the offense of burglary in the second degree, for the breaking into in the nighttime, with the intent to steal, break into and enter the building, structure or enclosure, to-wit: the store, storehouse or other building of B. G. Goodrich Store, a corporation, which is specially constructed or made to keep goods, wares, merchandise or other valuable thing, to-wit: money, radios and tape recorders; and in which goods, wares, merchandise or other valuable thing, to-wit: money, radios and tape recorders were kept for use, sale or deposit, against the peace and dignity of the State of Alabama.

"Count Two of the indictment charges that you feloniously took and carried away one tape recorder and one radio of the aggregate value of $60.00, the personal property of B. F. Goodrich Store, a corporation against the peace and dignity of the State of Alabama.

"Each of those are a felony and punishable by imprisonment in the pentitentiary for not less than one nor more than ten years, but I presume that was all one act.

"You appeared on arraignment, you, together with your attorney, and you entered a plea of guilty to the charge of burglary in the second degree on that indictment. The Court refused to accept your plea of guilty and put it off until today.

"Now, you are before the Court on this indictment charging you with burglary in the second degree. Are you ready for a plea?

"A  Yes, sir.

"THE COURT: Have you talked with your client, Mr. Hardwick?

"MR. HARDWICK: Yes, sir.

"THE COURT: Have you advised him in the case?

"MR. HARDWICK: Yes, sir.

"THE COURT: On the indictment here, charging you with burglary in the second degree or grand larceny, are you guilty or not guilty of burglary in the second degree or grand larceny, as charged in this indictment?

"A  I am guilty.

"THE COURT: Which one, burglary in the second degree or grand larceny, that is, stealing?

"A Yes, sir.

"THE COURT: Do you plead guilty to burglary in the second degree as charged in Count One of the indictment?

"A Yes, sir.

"THE COURT: Mr. Hardwick, as his attorney, do you concur in his plea of guilty?

"MR. HARDWICK: Yes, sir.

"THE COURT: From what you have learned of the facts in the case, is it your opinion that Lillian Allen Ware is guilty of burglary in the second degree, as charged in this indictment?

"MR. HARDWICK: Yes, it is.

"THE COURT: on your plea of guilty, it is the judgment of the Court you are guilty of burglary in the second degree, as charged in this indictment."

We expressly approve the procedure employed by Judge Baxley, i. e., a reading of the charge, an explanation of the punishment, including the minimum and maximum, an enquiry so as to comply in sentencing with Code 1940, T. 15, § 287, ascertainment of prior consultation with counsel, requiring that the defendant voice his plea personally, and counsel's concurrence as based on a study of the facts.

This 1965 record was put in evidence. The appellant had the burden of proof. Relief by way of the postconviction remedy of writ of error coram nobis can be granted only on "clear, full and satisfactory proof." Eagen v. State, 280 Ala. 438, 194 So.2d 842.

Considering the presumption in favor of the original judgments of conviction as against Ware's proof adduced in this cause, we conclude the judgment below is due to be

Affirmed.