457 P.2d 343

**STATE of Arizona, Appellee,**

v.

**Robert Francis URBANO, Appellant.**

**No. 1832.**

Supreme Court of Arizona.

In Banc.

July 23, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ronald H. Petica, Phoenix, for appellant.

LOCKWOOD, Vice Chief Justice:

In December of 1948 the defendant, Robert Francis Urbano, was charged in the Superior Court of Maricopa County with burglary in the first degree. On December 13 as shown by the minutes of the Superior Court he was arraigned and pleaded guilty to the charge. On December 27, 1948 he appeared for sentence and was by the Judge of the Superior Court adjudged guilty as charged. Imposition of sentence was suspended, however, and he was granted probation for a period of five years upon certain terms and conditions. Apparently he complied with such terms and conditions, for there is no evidence in the record that the suspension of imposition of sentence was ever revoked.

On April 4, 1967 the defendant filed in the Superior Court of Maricopa County a petition for a writ of error coram nobis. At the time of the filing of the petition, the defendant was confined in the New Jersey State Prison under a sentence of life imprisonment upon a charge of homicide.

■ Defendant urges that although the period of suspension of sentence has long passed, the question of whether he suffered a valid conviction is not moot because his eligibility for parole in New Jersey is affected by the Arizona conviction. We agree that under such circumstances the matter is not moot. Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed. 2d 393 (1957); United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). The judge of the Superior Court denied the petition, and filed a written opinion stating his reasons for such denial.

Defendant appealed from the denial of the petition and counsel was appointed to prosecute the appeal. He raises the following question: Should the 1948 conviction be set aside on the grounds that (1) defendant was not advised of his right to employ an attorney nor that one would be assigned to him if he could not do so; (2) that he was not advised of his right to trial by jury; and (3) at the time of sentencing he was not advised of the consequences of his plea.

■ Defendant urges that he was not advised of his constitutional rights at his arraignment. In this regard he urges that he was not advised of his right to counsel or that an attorney would be appointed if he could not employ one, and that he did not waive the right to counsel.

No transcript was made either at the time of arraignment or at the time for sentencing. However, the clerk's minutes are on file. On the date of arraignment they read:

"Arraignment.

"Defendant is present and states that he *does not to be represented by counsel.* Defendant states his true name is Robert Francis Urbano.

"The information is read to Defendant and he enters plea of guilty to Burglary in the First Degree, a felony, as charged in the information.

"Order fixing time for sentence on December 20, 1948." (Emphasis supplied.)

Defendant argues, and it is obvious, that a word or words were inadvertently omitted by the clerk where it is stated "states that he does not [?] to be represented by counsel." He urges that the omitted word or words could have made the phrase read

---

"he does not [wish] to be represented by counsel," or "he does not [have the funds] to be represented by counsel." Defendant claims that the sentence could have been read by supplying either version, and therefore urges that the court cannot now presume that the first version is the correct one. We do not agree.

As pointed out by the Superior Court's opinion, in 1948 the Arizona Rules of Criminal Procedure provided that:

> "Before the defendant is arraigned on a charge of felony if he is without counsel the court shall, unless the defendant objects, assign him counsel to represent him in the cause. Counsel so assigned shall serve without cost to the defendant, and shall have free access to the defendant, in private, at all reasonable hours while acting as counsel for him * * *" Section 44–904, A.C.A., 1939.

This rule partially superseded a statutory provision § 44–905 A.C.A., 1939 providing:

> "If the defendant appear for arraignment without counsel, he shall be informed by the court that it is his right to have counsel before being arraigned, and shall be asked if he desires the aid of counsel; if he desires counsel, and declares upon examination by the court, under oath, that he has no means to employ the same, the court, in its discretion, may assign one [1] or more attorneys at law to that duty. * * *."

The language of the rule and statute above quoted were mandatory. It is obvious that the defendant was advised of his right to counsel pursuant thereto, and that he waived that right by stating to the court he did not desire (or wish) to be represented by counsel.

■ The record further shows, in the statement of the defendant to the probation officer before the time for sentencing, that defendant was a graduate of the University of Illinois. It is obvious that he was not illiterate and that he knowingly waived counsel. This is not a case of presuming a waiver from a "silent" record, which is impermissible. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).

We are fully aware of the recent United States Supreme Court opinion, Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (decided June 2, 1969), which in effect holds that the record must affirmatively show that the defendant voluntarily and understandingly entered his plea of guilty and indicates that the court itself should conduct an "on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged, and the permissible range of sentences."

In this case the sentencing judge is long since deceased and the petitioner admits that his recollection of events is poor. In State v. Griswold, 105 Ariz. 1, 457 P.2d 331, just decided this day, we announced that we will apply the decision in Boykin prospectively only, and therefore it does not affect this case.

The order of the Superior Court denying the petition for writ of error coram nobis is affirmed.

UDALL, C. J., and STRUCKMEYER and HAYS, JJ., concur.

McFARLAND, Justice (Specially Concurring):

I concur in the result.