228 So.2d 863

**Ernest HALL, alias**

**v.**

**STATE.**

**7 Div. 27.**

Court of Criminal Appeals of Alabama.

Nov. 25, 1969.

No attorney for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

CATES, Judge.

On application for rehearing, the earlier opinion of the Court is withdrawn.

I

This is a direct appeal from the Calhoun County Circuit Court from a judgment of conviction based upon the defendant's pleading guilty to an indictment charging him, in Count 1, with grand larceny. In consequence of his plea, the trial judge accepted the recommendation of the District Attorney, and the agreement with defendant and his counsel, and sentenced Hall to one year and one day in the penitentiary.

This judgment was entered May 20, 1969. The minute entry reads:

"This the 20th day of May, 1969.

"Came the Defendant, Ernest Hall alias Ernest Green, in open Court in his own proper person and with his Attorney, Honorable Donald W. Stewart, and also came Honorable R. Clarence Williams, District Attorney of the Seventh Judicial Circuit, who prosecutes for the State of Alabama, and this case being duly set and called for trial during this present session and a Jury being duly selected, empaneled and sworn to try said case:

"Whereupon, said Defendant now in open Court, while accompanied by said Attorney, with leave of Court first obtained and State of Alabama by and through said District Attorney consenting thereto, withdraws his former plea

of Not Guilty and hereby pleads guilty to Grand Larceny as charged in Count One (1) of the Indictment in this case.

"In accordance with said plea of Guilty, it is therefore considered and adjudged by the Court that Ernest Hall alias Ernest Green is guilty of feloniously taking and carrying away one thousand five hundred and no/100 ($1,500.00) Dollars, the personal property of A. F. Smith as charged in Count One (1) of the Indictment in this case.

"Said Defendant now in open Court with his said Attorney, and being asked by the Court if he had anything to say why the sentence of the Law should not now be pronounced upon him says 'No.'

"Thereupon, for punishment therefor, as agreed upon between said Defendant, his said Attorney and the said District Attorney and recommended by the State of Alabama, after consideration thereof by the Court, it is therefore considered, ordered and adjudged by the Court that Ernest Hall alias Ernest Green be and he is hereby sentenced to imprisonment in the penitentiary of the State of Alabama for a term of One (1) year and One (1) day.

"And before passing said sentence the Court proceeded to ascertain by examination of said Defendant and other evidence that he was by trade or occupation a common Laborer, and that he is of the negro race, male sex, is about thirty-eight (38) years of age and his physical condition is fair (and 'he has only one leg and that he has Epilepy'.)

"Said Defendant now in open Court, while accompanied by his said Attorney hereby makes oral application for probation and the Court hereby takes same under advisement and hereby suspends said sentence pending said application and, further, hereby releases said Defendant on his same Appearance Bond until June 17, 1969.

"It is further considered, ordered and adjudged by the Court that the Jury which had been duly struck, empaneled and sworn to try this case be and said Jury is hereby discharged in this case."

II

On June 2, 1969, the Supreme Court of the United States reversed Boykin v. State, 281 Ala. 659, 207 So.2d 412.

■ Because the opinion in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, rested upon apparent constitutional rights, two judges of this Court at first were inclined to consider that the opinion therein was retrospective. See Alexander v. State, Miss., 226 So.2d 905. However, after studying Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16, we are now unanimous in considering that *Boykin* is to be applied, at the most, prospectively. See Commonwealth v. Godfrey, 434 Pa. 532, 254 A.2d 923; Child v. State, Me., 253 A.2d 691; Montanye v. State, 7 Md.App. 627, 256 A.2d 706; State v. Griswold, 105 Ariz. 1, 457 P.2d 331.

■ Boykin v. Alabama, supra, lays down strict and detailed rules as to the so-called on-the-record examination of a defendant who pleads guilty. See Ware v. State, 44 Ala.App. 679, 219 So.2d 910 and Champion v. State, 45 Ala.App. 188, 227 So.2d 818 (Nov. 4, 1969). Thus, it would appear now that judges must pronounce and trial court clerks must write up the entire colloquy and, hence, the minute entry must affirmatively show, among other things, the consequences of a plea of guilt, e. g. minimum and maximum sentence, the possibilities of probation or parole (see Durant v. United States, 1 Cir., 410 F.2d 689), whether or not a DWI conviction, for example, would result in the loss of a driving license (see dissent in Veach v. State, Del., 253 A.2d 687), loss of right to vote, perhaps even the requirement of registration with local officials as a convicted felon.

On a plea of guilty, two juridical acts concur: one, the defendant waives trial; and, two, confesses against himself. Hence, under *Boykin*, after June 2, 1969, there must be record evidence, preferably spread on the court's minutes, to show that the judge ascertained from the defendant the requisite elements of voluntariness and comprehension.

We quote from Alexander v. State, supra:

" * * * The trial court should not accept a guilty plea or a change from a not guilty to a guilty plea without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. A transcript or record of that proceeding is essential. However, this does not preclude other types of clear and convincing evidence which shows that accused voluntarily and understandingly elected to plead guilty. Anything else is insufficient to establish waiver. In short, a record should be made of what transpires at the pleading stage, which is sufficient to support the acceptance by the trial court of the guilty plea and to reflect that it was made voluntarily and understandingly by the defendant."

It would seem, if the Pennsylvania Supreme Court is correct, that the *Boykin* question does not foreclose proceedings such as we decided in *Ware*, supra, by way of post-conviction review as to what in fact took place. See also Shellnut v. State, 43 Ala.App. 298, 189 So.2d 587.

The Attorney General's application for rehearing is granted; the judgment of the trial court is due to be and hereby is

Affirmed.

PRICE, P. J., and ALMON, J., concur. in result.