231 So.2d 772

William T. HUDSON

v.

STATE.

2 Div. 3.

Court of Criminal Appeals of Alabama.

Nov. 25, 1969.

Rehearing Denied Jan. 13, 1970.

Parker, Wilkinson & Montgomery, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Jasper B. Roberts, Asst. Atty. Gen., for appellee.

CATES, Judge.

Appeal on record proper (i. e. without transcript of evidence) from judgment of plea of guilty to indictment of burglary, second degree. · Sentence five years. Code 1940, T. 14, § 86.

## I

■ Error is claimed in the *alleged* failure of the indictment to negative the possibility of the defendant being a person to whose entry consent had been given. No demurrer was filed to the indictment.

Even if such a point can be raised as by writ of error, we believe that the instant indictment by laying occupancy of the "shop, etc., of Banks & Company, a co-partnership, composed of[1] * * *" sufficed on this point. The naming of James E., Phillip B. M. and James O. Banks was limitative and exclusive of any others being partners. Enumeratio unius exclusio alterius. Moreover, Code 1940, T. 15, § 245 controls.[2]

## II

■ Conviction and sentence occurred May 31, 1969. Hence, Boykin v. Ala., 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 does not apply. See Hall v. State, 45 Ala.App. 252, 228 So.2d 863 (Nov. 1969).

The judgment below is

Affirmed.

1. In Davis v. State, 54 Ala. 88, Stone, C. J., remarked:

"We think, also, that the description, in the indictment, of the ownership of the shop, store, &c., in which the goods, merchandise, &c., were kept, should be specified with more particularity. The names of the persons· composing the firm should be set out, that it may distinctly appear that the defendant is not one of them.—Beall v. State, 53 Ala. 460."

2. Code 1940, T. 15, § 245 states, in pertinent part:

"When any property, upon or in relation to which the offense was, committed, belongs to several partners or owners, it is sufficient to allege the ownership to be in any one or more of such partners or owners; * * *"