231 So.2d 921

**Thomas G. SMITH**

**v.**

**STATE.**

**8 Div. 52.**

Court of Criminal Appeals of Alabama.

Feb. 24, 1970.

Richard A. Kempaner, Huntsville, for appellant.

MacDonald Gallion, Atty. Gen., and Jasper B. Roberts, Asst. Atty. Gen., for the State.

ALMON, Judge.

On March 4, 1969, the Grand Jury of Madison County returned three indictments charging appellant with (1) carnal knowledge of a girl over twelve and under sixteen years of age, (2) indecent molestation of a child, and (3) the crime against nature. The carnal knowledge charge was reduced by agreement to indecent molestation.

On March 7, 1969, with the assistance of court appointed counsel, appellant pled guilty to all three indictments. He was sentenced to serve five years in the penitentiary for each of the child molestation offenses and ten "days" for the crime against nature. Tit. 14, § 106, Code of Alabama, 1940, fixes the punishment for the crime against nature at not less than two nor more than ten years. Presumably, the ten "day" sentence is an error.

■ Appellant's only contention is that this court should reverse these three convictions because the record does not disclose that he voluntarily and understandingly entered his pleas of guilty in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. *Boykin* was decided on June 2, 1969. Appellant entered his guilty pleas on March 7, 1969. In Hall v. State, 45 Ala.App. 252, 228 So.2d 863, we held the principles announced in *Boykin* were not to be given retroactive application.

■ Therefore, the judgments appealed from are due to be and the same are hereby affirmed. The crime against nature cause is remanded for proper sentencing.

Affirmed and remanded.