PEOPLE *v.* TAYLOR

1. CRIMINAL LAW—ARRAIGNMENT—CONSTITUTIONAL LAW—ADVICE OF RIGHTS—PLEA OF GUILTY—COURT RULES.

Court rule does not require a trial judge, before accepting a plea of guilty, to apprise a defendant who is represented by counsel of his constitutional rights regarding compulsory self-incrimination, trial by jury, and confrontation of witnesses against him (GCR 1963, 785.3).

2. CRIMINAL LAW—CONSTITUTIONAL LAW—WAIVER OF RIGHTS—PROSPECTIVE APPLICATION.

A United State Supreme Court decision of June 2, 1969, relating to waiver of constitutional rights is not retroactive; consequently, a defendant's plea of guilty entered before that date cannot be affected by the holding in that case.

Appeal from Washtenaw, Howard R. Carroll, J., presiding. Submitted Division 2 April 7, 1970, at Lansing. (Docket No. 8,002.) Decided April 30, 1970.

Anthony N. Taylor was convicted, on his plea of guilty, of possession of marijuana. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Karl V. Fink,* Assistant Prosecuting Attorney, for the people.

*Fred S. Steingold,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[2] 16 Am Jur 2d, Constitutional Law § 131.

Before: McGregor, P. J., and Danhof and Larnard,* JJ.

Per Curiam. On April 11, 1969, the defendant, while represented by counsel, pled guilty to the charge of possession of marijuana, CLS 1961, § 335.153 (Stat Ann 1957 Rev § 18.1123). On June 4, 1969, he was sentenced to a term of two to ten years in prison.

Defendant appeals as a matter of right and is properly before this Court, MCLA 1970 Cum Supp § 600.308 and MCLA § 600.309 (Stat Ann 1970 Cum Supp §§ 27A.308, 27A.309).

Defendant contends that his case should be remanded for a trial because the court did not advise him of the following constitutional rights before accepting his plea of guilty:

(a) The privilege against compulsory self-incrimination;

(b) The right to trial by jury; and

(c) The right to confront one's accusers.

Michigan law does not require the trial judge to inform an accused who wishes to enter a plea of guilty of the aforementioned constitutional rights when he is represented by counsel. GCR 1963, 785.3 does require the judge to advise an accused charged with a felony who is not represented by counsel of his right to a trial by jury and his right to counsel. Defendant's reliance on *People* v. *Dunn* (1968), 380 Mich 693, is misplaced as defendant in that case did not have counsel.

Defendant argues that the decision in *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274) does require the trial judge to advise an accused of the three cited constitutional rights be-

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

fore accepting a guilty plea even when the accused has counsel representing him.    Without deciding whether *Boykin* does in fact state such a require-. ment, we hold that the decision in *Boykin* was not intended to have retroactive application.    See *McCarthy* v. *United States* (1969), 394 US 459 (89 S Ct 1166, 22 L Ed 2d 418) ; *Halliday* v. *United States* (1969), 394 US 831 (89 S Ct 1498, 23 L Ed 2d 16) reh. den. 395 US 971 (89 S Ct 2106, 23 L Ed 2d 761) ; *Ernst* v. *State* (1969), 43 Wis 2d 661 (170 NW2d 713).    Since *Boykin* was decided June 2, 1969, and defendant's guilty plea was taken on April 11, 1969, the *Boykin* decision has no effect on this case.

The record discloses no miscarriage of justice as required by *People* v. *Winegar* (1968), 380 Mich 719.

Affirmed.