PEOPLE *v.* BUTLER

1. CRIMINAL LAW—CONSTITUTIONAL LAW—PLEA OF GUILTY—VOLUNTARINESS—WAIVER.

   A decision of the United States Supreme Court relating to waiver of a defendant's constitutional rights in the taking of his plea of guilty is not retroactive and does not affect the validity of a plea of guilty taken before the date of decision, June 2, 1969.

2. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—TRUTH OF PLEA—COURT RULES—STATUTES.

   The form and manner of examining an accused to determine if his plea of guilty is freely, understandingly, and voluntarily made is within the discretion of the trial judge and when the record shows that the judge complied with the procedural requirements for acceptance of guilty pleas and that the accused voluntarily pled guilty, knew the nature of the charge and the consequence of his plea, no miscarriage of justice occurs in the acceptance of his plea.

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 April 13, 1970, at Lansing. (Docket No. 8,249.) Decided May 1, 1970. Leave to appeal granted July 16, 1970. 383 Mich 806.

Gary Butler was convicted, on his plea of guilty, of unlawful driving away an automobile. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1]  21 Am Jur 2d, Criminal Law § 495.
[2]  21 Am Jur 2d, Criminal Law §§ 485–487, 505.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Lawyer, for the people.

*Gordon Snavely* and *Smith, Magnusson & Anderson (Douglas Chartrand,* of counsel), for defendant on appeal.

Before: R. B. Burns, P. J., and Fitzgerald and Van Domelen,* JJ.

Per Curiam. On March 20, 1969, defendant Gary Butler stood mute at his arraignment on a charge of possession of a stolen motor vehicle in violation of MCLA § 257.254 (Stat Ann 1968 Rev § 9.1954). Shortly thereafter, a second count was added, to wit: unlawfully driving away an automobile.** Defendant pled guilty to the second count on May 7, 1969.

The sole issue raised on appeal concerns the propriety of the actions of the trial court in light of the constitutional requirements in accepting a guilty plea as outlined in the case of *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274). Defendant contends that the *Boykin* decision requires a trial judge to obtain a waiver of the privilege against self-incrimination, the privilege to trial by jury and confrontation by one's accusers prior to accepting a guilty plea.

Since defendant entered his plea on May 7, 1969, and *Boykin* was decided on June 2, 1969, the later decision does not affect the outcome of the present case. This Court has definitively stated that *Boykin* does not have retroactive application. See *People* v. *Taylor* (1970), 23 Mich App 595.

---

* Circuit Judge, sitting on the Court of Appeals by assignment.
** MCLA § 750.413 (Stat Ann 1954 Rev § 28.645).

At present, procedure for accepting guilty pleas is governed by GCR 1963, 785.3, and MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058). A court is required to inform the accused of the nature of the accusation and the consequences of his plea. The court is also required to examine the accused for purposes of determining if the plea was freely, understandingly and voluntarily made, the form and manner of this examination being within the discretion of the trial court. See *People* v. *Barrows* (1959), 358 Mich 267; *People* v. *Gill* (1967), 8 Mich App 89; and *People* v. *Schwartz* (1967), 6 Mich App 581.

The record in the present case indicates that the above requirements were satisfied and nothing exists which would show that the plea was not knowingly and voluntarily made or that defendant did not know the nature of the charge or the consequence of his plea. Nothing in the briefs or record persuades this Court that a miscarriage of justice has taken place.

Affirmed.