PEOPLE v. WILKINS

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 June 3, 1970, at Lansing. (Docket No. 8,307.) Decided July 2, 1970. Reversed by Supreme Court October 28, 1970. 384 Mich 773.

George Alfred Wilkins was convicted, on his plea of guilty, of possession of a stolen motor vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Jon H. Kingsepp,* for defendant on appeal.

Before: LESINSKI, C. J., and QUINN and ROOD,* JJ.

PER CURIAM. In May 1969, defendant George Wilkins was convicted upon his plea of guilty of the crime of possession of a stolen motor vehicle contrary to MCLA § 257.254 (Stat Ann 1968 Rev § 9.1954). He was sentenced by the court to a term of from seven to ten years in prison. Defendant was represented by appointed counsel at both his preliminary examination and in the trial court.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant now raises three issues which he feels require reversal.

Defendant asserts that there was no proper waiver of his right to a preliminary examination. Any defect in the preliminary examination was waived by the properly accepted guilty plea. *People* v. *Warner* (1969), 17 Mich App 1.

Defendant asserts that MCLA § 257.254 is violative of Const 1963, art 4, § 24. We can find no reasonable reading of the statute that would support that assertion.

Defendant asserts that his guilty plea was not properly accepted, in that the trial court did not comply with all the requirements of *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274). The requirements of *Boykin, supra,* are not to be applied retrospectively. *People* v. *Taylor* (1970), 23 Mich App 595; *People* v. *Butler* (1970), 23 Mich App 643. The guilty plea of the defendant was freely, understandingly and voluntarily made. *People* v. *Winegar* (1968), 380 Mich 719.

There was no error shown on the part of the trial court.

Affirmed.