241 So.2d 184 (1970)
Charles Andrew ODLE, Appellant,
v.
The STATE of Florida, Appellee.
No. 70-231.
District Court of Appeal of Florida, Third District.
November 24, 1970.
*185 Phillip A. Hubbart, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Melvin Grossman, and Alan M. Medof, Asst. Attys. Gen., for appellee.
Before PEARSON, C.J., and BARKDULL and SWANN, JJ.
PER CURIAM.
The appellant, Charles Andrew Odle, appeals from an order, entered after an evidentiary hearing, which denied his motion to vacate under Rule 1.850, CrPR, 33 F.S.A.
The arguments presented by Odle at his evidentiary hearing and on this appeal are that he was not afforded effective assistance of court-appointed counsel and that his plea of guilty at his trial in 1965 was not voluntary.
Testimony and evidence concerning these allegations were taken at the evidentiary hearing and his motion to vacate the judgment and sentence was denied. Odle has appealed from the denial of the motion.
At the evidentiary hearing Odle put into evidence the transcript of the plea colloquy at the original trial to support his allegation that his guilty plea was not voluntary. He did not attempt to dispute or disavow the facts concerning his guilty plea, nor did he in any way attempt to refute the fact that he admitted the guilty plea was entered voluntarily. Odle admitted at the hearing that the trial judge asked him if he was pleading guilty voluntarily but testified he did not remember his response. He relied almost completely on the transcript of the trial proceedings to prove his guilty plea was not voluntary.
At the hearing he argued that Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) should be applied retroactively to afford him relief. The state argues that the requirements of Boykin should not apply retroactively to this trial which took place in 1965.
We hold that Boykin is not to be applied retroactively. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969); McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); Bishop v. Sharkey, 306 F. Supp. 246 (D.C.R.I. 1969); Quillien v. Leeke, 303 F. Supp. 698 (D.C.S.C. 1969); Hall v. State, 45 Ala.App. 252, 228 So.2d 863 (1969); State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969); State v. Urbano, 105 Ariz. 13, 457 P.2d 343 (1969); Selph v. Veron, 254 La. 1095, 229 So.2d 111 (1969); and Montanye v. State, 7 Md. App. 627, 256 A.2d 706 (1969).
We hold that Odle has not carried the burden of proving his allegations that the guilty plea entered by him at the original trial was not voluntary.
We now turn to the charge that he was denied the effective assistance of counsel. In Simpson v. State, Fla.App. 1964, 164 So.2d 224, we said that to prove ineffective assistance of counsel there must be a sufficient showing that the state-appointed counsel was so incompetent as to render the trial a mockery or farcical. There was no actual trial of this cause because of the guilty plea and Odle really argues that the assistance of his court-appointed counsel prior to trial was incompetent in that counsel failed to adequately and sufficiently inquire of him about the facts concerning the charge of robbery on which he was to be tried. Cf. Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707 (1958); and State v. Barton, Fla. 1967, 194 So.2d 241.
Odle had previously been convicted of first degree murder on a charge arising out of the same incident and had received a life sentence for conviction under that charge. His court-appointed counsel for this trial apparently considered it better trial strategy *186 to enter a plea of guilty and to ask for a concurrent sentence on the charge of robbery.
Odle was the only witness called to testify at the evidentiary hearing and his testimony was insufficient to prove that the "trial" was a mockery or farcical, and that he was denied effective assistance of trial counsel.
For these reasons, we find that Odle has failed to carry his burden at the evidentiary hearing in proving the allegations that he was denied effective assistance of counsel, or that his plea of guilty was involuntary.
The final judgment is
Affirmed.