PEOPLE v. CHARLES JOHNSON

1. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—STANDARDS.
   A United States Supreme Court case establishing standards for determining the voluntariness of a plea of guilty is to be given prospective application only; therefore, where a plea of guilty was made prior to that decision it is not controlled by it.

2. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS.
   Plea of guilty was properly accepted where the court made detailed inquiry into the specific acts necessary to establish the crime of which defendant pled guilty, defense counsel told the court that he had advised the defendant that his plea would have to be free and voluntary, defendant gave no indication that his plea was either untrue or not free or voluntary, and no allegation of undue influence, compulsion or duress is made on appeal.

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 October 7, 1970, at Detroit. (Docket No. 7679.) Decided December 4, 1970.

Charles Johnson, also known as Tyrone Lamont Hickman, was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: LESINSKI, C. J., and BRONSON and ENGEL,* JJ.

PER CURIAM. The defendant was charged with armed robbery and breaking and entering with intent to commit the crime of larceny. MCLA § 750-.529 (Stat Ann 1970 Cum Supp § 28.797); MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). On January 29, 1969, he pleaded guilty to the included offense of assault with intent to rob, being armed, MCLA § 750.89 (Stat Ann 1962 Rev § 28.284).

At issue here is the adequacy of the record made at the time of the taking of the plea. It is claimed that the record is devoid of any finding of voluntariness or of any facts from which such a finding of voluntariness may be inferred.

This case is prior in time to *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274), and therefore is not controlled by it. *People* v. *Wilkins* (1970), 25 Mich App 235; *People* v. *Boone* (1970), 25 Mich App 136.

An examination of the record in this case reveals scant, however sufficient, inquiry by the trial judge to determine whether or not the plea was made freely and without undue influence.

In this case the trial judge made detailed inquiry as to the specific acts necessary to establish the crime to which defendant was pleading guilty. Additionally, with defendant present, trial counsel advised the trial judge in open court that he advised

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the defendant that his plea would have to be free and voluntary. The defendant gave no indication that this was untrue or in any way indicated that his plea was other than free and voluntary. No allegation of undue influence, compulsion or duress is made on appeal. To set this conviction aside because the judge did not utter the words of inquiry as to promises of leniency, undue influence, compulsion or duress on the facts of this record would require us to give great weight to form rather than to substance.

Affirmed.