PIERCE, Chief Judge.
Appellant Henry M. West appeals to this Court from an order entered by the trial Court, the Polk County Criminal Court of Record, denying his post-conviction motion under CrPR 1.850, 33 F.S.A. to vacate the judgment and sentence previously imposed upon him in a criminal prosecution.
On September 25, 1968, West was informed against for robbery and larceny of an automobile. On March 31, 1969, he was arraigned and pled guilty. On May 12, 1969, he was adjudged guilty and sentenced to a term in the State Prison.
He did not appeal the judgment and sentence nor in any way challenge the propriety of entry of his guilty plea until over a year and a half later. On December 29, 1970, he filed in the trial Court his motion to vacate and set aside the judgment and sentence. On December 30, 1970, the motion to vacate was denied by the trial Judge and in due course West appealed his denial to this Court, contending that the trial Judge committed reversible error in denying his motion. We disagree with West’s claim and affirm.
The motion to vacate properly alleges that Polk County Public Defender Honorable Lee Roy Horton, Jr., was appointed to, and did, represent him during the Court proceedings wherein he was arraigned and pled guilty. West does not challenge the propriety of the Public Defender’s said appointment except as may be impliedly or indirectly inferred. He says he was "coerced by the representation of counsel” to plead guilty by the promise that “if he pleaded guilty to Case No. 50280, he would be put on probation”, that he was told “by defense attorney” that absent a plea of guilty the case would go to trial and he would be found guilty and receive a life imprisonment sentence. He says he pled guilty because he was coerced “and also led to believe that he would receive probation”.
The foregoing is the substance of West’s post-conviction motion based upon alleged coercion to plead guilty. We hold the motion insufficient on its face and affirm the trial Court’s denial.
A post-conviction motion for relief must allege facts, not conclusions, justifying affirmative action by the Court, and such motion that fails to set forth facts sufficient to support the conclusions and prayers contained in the motion or to justify relief under the post-conviction Rule is insufficient on its face and does not warrant an evidentiary hearing. Bogan v. State, Fla.App.1968, 211 So.2d 74; Gibson v. State, Fla.App.1968, 213 So.2d 8; Brumley v. State, Fla.App.1969, 224 So.2d 447; Ballard v. State, Fla.App.1967, 200 So.2d 597; Ward v. State, Fla.App.1970, 236 So.2d 187; see also Brady v. United States, 397 U.S. 742, 90 S.Ct 1463, 25 L.Ed.2d 747.
West urges to this Court the case of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. But among other *507 considerations the guilty plea here antedated the high Court’s decision in Boykin, which case has since been held to be not retroactive. See Odle v. State, Fla.App.1970, 241 So.2d 184; also Johnson v. Wainwright, Fla.1970, 238 So.2d 590; with which we agree.
The denial of the motion by the trial Court was correct and the order appealed from is therefore—
Affirmed.
LILES, J., concurs.
MANN, J., concurs specially.