253 So.2d 367

James June **BAGGETT**

v.

**STATE.**

**6 Div. 210.**

Court of Criminal Appeals of Alabama.

Oct. 5, 1971.

Richard C. Shelby, Tuscaloosa, for appellant.

No brief from State.

CATES, Judge.

In 1967 Baggett, according to the records of the circuit court, pled guilty to first degree murder and a jury fixed his punishment at life imprisonment. The plea was the result of a bargain between counsel.

November 1969 Baggett petitioned for a writ of error coram nobis. November 25, 1970, after a hearing the circuit court de-

nied the petition and remanded Baggett to the penitentiary.

Baggett claimed (1) he was coerced into pleading guilty, (2) he had inadequate court appointed counsel, and (3) counsel refused to cooperate in preparing a defense.

A contemporaneous report shows that the defendant in open court on the change of his plea from not guilty to guilty was asked by the trial judge if he understood what he was doing. To this he replied, "Yes, sir." No objection was made to the State's presentation of a prima facie case of first degree murder.

In North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. Alford pleaded guilty, although disclaiming his guilt, because of the threat of the death penalty. *Held*: The trial judge did not commit constitutional error in accepting the guilty plea. See also Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747.

I

Since the instant original conviction took place before Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (see Appendix), we review with an attendant presumption of regularity as expressed in Boykin v. State, 281 Ala. 659, 207 So.2d 412, Lawson, J., concurring specially. That is, in Alabama cases before Boykin v. Alabama, supra, the appellate court was entitled to rely on the presumption omnia praesumuntur rite et solemniter esse acta.

■ Technically the overcoming of such a presumption is not amenable by way of coram nobis unless (1) the independent statutory action Code 1940, T. 7, § 566 is not available, (2) there existed a fact which would have prevented judgment of conviction, and (3) the convict avers and proves that he was innocent of, or had a valid defense against, the charge contained in the indictment.

Such points were made in the coram nobis proceeding below by the State's motion to dismiss. However, this motion was apparently abandoned. The proceeding was heard without any joinder of issue.

Apparently, the State was anticipating a Federal habeas corpus suit because the prior occasion of Baggett's guilty plea was tried on a "wide open" basis. Such an approach may find a justification in giving the State a record to file in a Federal habeas corpus suit though it is not strictly within the purview of the writ of error coram nobis as construed by the Alabama courts. For that reason alone we could affirm.

II

■ In Howard v. State, 280 Ala. 430, 194 So.2d 834, a case somewhat like the one of instant concern we find:

"An accused's plea of guilty may be accepted only if it is made voluntarily and knowingly. If it appears that a guilty plea is the product of coercion, either mental or physical, or was unfairly obtained or given through ignorance, fear or inadvertence, it is void since it is a violation of constitutional safeguards."

It is here undisputed that the trial judge asked Baggett in open court if he understood what he was doing in changing his plea from guilty to not guilty. R. 142–143. The original judgment entry on conviction shows that Baggett on allocutus had nothing to say as to why judgment should not be pronounced upon him. Before Boykin v. Alabama, supra, this reenforced the presumption of regularity.

We have reviewed the entire record and consider the judgment below is due to be

Affirmed.

APPENDIX

Boykin v. Ala., 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, held prospective only in:

Hall v. State, 45 Ala.App. 252; 228 So.2d 863;

Hudson v. State, 45 Ala.App. 449, 231 So.2d 772;

Smith v. State, 45 Ala.App. 467, 231 So. 2d 921;

State v. Griswold, 105 Ariz. 1, 457 P.2d 331;

State v. Urbano, 105 Ariz. 13, 457 P.2d 343;

State v. McFord, 13 Ariz.App. 273, 475 P.2d 758;

In Re Tahl, 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 449;

Odle v. State (Fla.App.), 241 So.2d 184;

People v. Williams, 44 Ill.2d 334, 255 N. E.2d 385;

People v. Plecko, 46 Ill.2d 301, 263 N.E. 2d 66;

Montanye v. State, 7 Md.App. 627, 256 A.2d 706;

People v. Taylor, 23 Mich.App. 595, 179 N.W.2d 260;

People v. Wilkins, 25 Mich.App. 235, 181 N.W.2d 281;

People v. Johnson, 28 Mich.App. 436, 184 N.W.2d 514;

Bracy v. State (Mo.), 456 S.W.2d 302;

State v. Grimm (Mo.), 461 S.W.2d 746;

Reynolds v. Warden, Nev., 478 P.2d 574;

State v. Harris, 10 N.C.App. 553, 180 S. E.2d 29;

Endsley v. Cupp, 1 Or.App. 169, 459 P.2d 448;

Com. v. Godfrey, 434 Pa. 532, 254 A.2d 923;

Flint v. Sharkey, R.I., 268 A.2d 714;

Baxley v. State, S.C., 178 S.E.2d 535;

Bridgers v. Com., 211 Va. 370, 177 S.E. 2d 526;

State v. Mitchell, 2 Wash.App. 943, 472 P.2d 629;

Ernst v. State, 43 Wis.2d 661, 170 N.W. 2d 713;

Perry v. Crouse, 10 Cir., 429 F.2d 1083;

Arbuckle v. Turner, 10 Cir., 440 F.2d 586.