OWEN, Judge.
Appellant’s fourth post-trial motion to vacate under Rule 3.850, RCrP, 33 F.S.A. (and its predecessors) was denied without an evidentiary hearing and it is that order which is appealed. We affirm.
The order denying the motion to vacate recites that the same is found to be without merit because the matters alleged therein had been alleged in one or more prior motions, and therefore did not need to be again considered by the Court. It appears, however, that of the four grounds set forth in the motion, only the first had been previously alleged and adjudicated on the merits. Nonetheless, the court reached the correct result in denying the present motion despite the fact that an erroneous reason was assigned.
The first ground of the motion was that the guilty plea was involuntary. Appellant’s third motion to vacate filed September 21, 1967 asserted this ground on essentially the same factual allegations. That motion was denied on the merits. The appeal from that order resulted in Case No. 1761 in this court, wherein we granted the State’s motion to quash the appeal as frivolous based upon an examination of the court reporter’s transcript of the proceedings at the time of entering the plea. As to this ground, the court correctly determined that it was duplicitous. For this reason the court was not required to again consider it. Chisholm v. State, Fla.App.1971, 247 So.2d 93.
The second ground of the motion was denial of effective assistance of counsel, a ground not theretofore asserted in prior motions. With one exception, the factual allegations in support of this ground were totally insufficient to show ineffective assistance of counsel. The exception is the allegation that counsel pled appellant guilty without his consent. This allegation, however, is clearly refuted by the allegations which appellant placed in his first motion to vacate filed September 23, 1966 (which became our Case No. 1154) to the effect that he entered his guilty plea “on the advice of the Public Defender”.
The third ground of the motion to vacate was that the record failed to show an adequate judicial inquiry as to the vol-untariness of the plea. The record does show an adequate judicial inquiry to determine that the plea was in fact voluntary, but appellant contends that such inquiry does not meet the requirements of Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Appellant’s guilty plea was entered November 1, 1965, and Boykin has been refused retroactive appli *594 cation by the courts of this state. Odle v. State, Fla.App.1970, 241 So.2d 184; West v. State, Fla.App.1971, 249 So.2d 505.
The fourth ground of the motion to vacate is deprivation of right to appeal. This is not a proper ground for a motion to vacate. State v. Wooden, Fla. 1971, 246 So.2d 755.
Affirmed.
REED, C. J., and CROSS, J., concur.